UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRACY L. COLLIER,

    Petitioner,

v.                                                 Case No. 5:18-cv-177-MCR/MJF

MARK S. INCH,[1]

    Respondent.
_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

Before the court is petitioner's second amended habeas corpus petition filed under 28 U.S.C. § 2254 (Doc. 19), and motion to proceed *in forma pauperis* (Doc. 9). Petitioner also moves to dismiss his original supporting memorandum (Doc. 20), and for leave to file an amended supporting memorandum. (Doc. 21). The undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application and should be dismissed.[2]

---

[1] In January 2019, Mark S. Inch succeeded Julie Jones as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. *See* Fed. R. Civ. P. 25(d).

[2] The matter was referred to the undersigned magistrate judge for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

I.      **Background and Procedural History**

Petitioner Tracy L. Collier ("Collier") was convicted of escape in Bay County Circuit Court Case No. 2001-CF-1454. (Doc. 1, p. 1).[3] Collier was sentenced as a habitual offender to 25 years of imprisonment consecutive to any active sentence being served. (*Id.*). The Florida First District Court of Appeal affirmed the judgment on December 18, 2003. (Doc. 1, p. 2; *see Collier v. State*, 864 So. 2d 63 (Fla. 1st DCA 2003) (Table)). Collier now challenges his criminal judgment on the grounds that he was incompetent to represent himself; he was incompetent to stand trial; he was insane at the time of the offense; the prosecutor committed misconduct; and the trial court committed various errors. (Doc. 19, pp. 5-22). On the petition form, Collier denies that he previously filed a § 2254 petition challenging the same criminal judgment. (Doc. 19, p. 23).

The undersigned takes judicial notice of the court records in *Collier v. McNeil*, Case No. 5:06cv172-MCR/MD. Collier initiated *Collier v. McNeil*, on August 14, 2006, by filing a § 2254 petition challenging the same state court judgment on grounds of trial court error, ineffective assistance of counsel, newly discovered

---

[3] This background information is drawn from Collier's petition and, in addition, is judicially noticed from a previous § 2254 case Collier filed in this court, *Collier v. McNeil*, Case No. 5:06cv172-MCR/MD, Doc. 42. "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

evidence and prosecutorial misconduct. (*See* Case No. 5:06cv172-MCR/MD, Doc. 26). The court denied the petition on September 18, 2008. (*Id*., Docs. 42, 49, 50). The Eleventh Circuit denied Collier a certificate of appealability on March 13, 2009. (*Id*., Doc. 69).

**II.    Discussion**

Section 2244(b)(3)(A) of Title 28 of the United States Code provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr*., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

This court's records establish that the present petition is a "second or successive" habeas corpus application. Collier does not allege or show he obtained the Eleventh Circuit's authorization to file it. Collier's failure to receive the requisite authorization operates as a jurisdictional bar and requires dismissal of this case. *Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

**III.   A Certificate of Appealability is Not Warranted**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017)

(*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Collier has not made the requisite demonstration. Accordingly, the District Court also should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the District Court Judge in the objections permitted to this report and recommendation.

**IV.   Conclusion**

For the reasons set forth above, it is **ORDERED**:

1.  The clerk shall change the docket to reflect that Mark S. Inch has been substituted as the respondent in this cause.

2.  Petitioner's motion to proceed *in forma pauperis* (Doc. 9) is **GRANTED.**

3. Petitioner's motions concerning a supporting memorandum (Docs. 20, 21) are **DENIED AS MOOT** in light of the undersigned's recommendation that this case be dismissed.

In addition, the undersigned respectfully **RECOMMENDS** that:

1. The second amended petition for writ of habeas corpus (Doc. 19), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Tracy L. Collier*, Bay County Circuit Court Case No. 2001-CF-1454, be **DISMISSED** for lack of jurisdiction.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this file.

At Panama City, Florida, this 7th day of March 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.